The People agt. The Globe Mutual Life Insurance Co.

# SUPREME COURT.

## The People of the State of New York agt. The Globe Mutual Life Insurance Company.

*Order appointing receiver of insolvent life insurance company — Order changing place of trial entered by stipulation of parties upon an ex parte order — Practice — Code of Civil Procedure, section 777.*

Where, in an action to wind up and distribute the assets of a life insurance company through a receiver, upon the ground that the company was insolvent, in pursuance of chapter 902 of the Laws of 1869, an order to show cause was granted returnable at the Albany special term, and on the return day the attorney-general appeared and made the motion for a receiver, the application being based not only upon the verified complaint but also upon a resolution of the board of directors of the company asking for such appointment, and a report showing the exact condition of the company, which was that of clear insolvency and a gross mismanagement and abuse of their trust by the officers of the company. Counsel appeared for the insurance company and united with the attorney-general in the application. Counsel also appeared for the superintendent of insurance and stated that, in the opinion of the superintendent, the affairs of the company were in such a condition as to require action by the attorney-general, and both he and the superintendent of insurance concurred in the need of the appointment of a receiver, and that such appointment was necessary according to the terms of the statute. Counsel also appeared for sundry policyholders and objected to the appointment of any receiver whatever. After hearing the argument of the various counsel the court announced its decision appointing a receiver, and a decree or order to that effect was filed and entered. On the stipulation of the attorney-general and the counsel for the defendant an *ex parte* order was obtained from judge LEARNED, of the third department, and entered in the Albany county clerk's office changing the place of trial from the city and county of Albany to the city and county of New York. On motion to set aside the order changing place of trial:

*Held, first,* that the superintendent of insurance has such an interest that he may make this motion.

*Second.* The court has power to act, of its own motion, to protect itself; and though the superintendent is no party to the record, either he or any person may call the attention of the court to an act done which requires its attention; and in this matter the court hears the superin-

tendent, not only because he has the right to be heard, but as a person making a suggestion to the court for its own protection, upon which, for its own dignity, it acts.

*Third.* The stipulation to change the place of trial, and the order changing the place of trial obtained *ex parte* and entered in Albany, was a part of a scheme and plan entered into between the attorneys to nullify and undo the action of the court in the selection of a receiver. Such practice cannot be tolerated, even if no statute forbade it. The right to name the receiver belongs to the court.

*Fourth.* When the court has appointed a receiver for an insolvent corporation or firm, such appointment is beyond the control of the parties to the action. They cannot stipulate away the order appointing the receiver, and the court having accepted the trust for the benefit of creditors must act.

*Fifth.* There is no such thing as a receiver, *pendente lite*, for a life insurance company. The proceeding must be under the statute; and in this case no receiver, *pendente lite*, was asked for, but one under and in pursuance of chapter 902 of the Laws of 1869, under which act the defendant was organized. The order appointing the receiver is a final order or judgment. It is *the* judgment declaring what must be done; and after the entry of such order the place of trial could not be changed.

*Sixth.* The order changing the place of trial, entered by stipulation of the attorneys, was a step towards doing what section 777 of the Code of Civil Procedure expressly forbids. It was nothing more or less than an attempt by stipulation to withdraw from one judge an application for judgment already passed upon for the purpose of applying elsewhere. This section of the Code has expressed, in statute form, its condemnation of such practice.

*Albany Special Term, July,* 1879.

Motion to set aside an order changing place of trial, entered by stipulation of parties upon an *ex parte* order.

*Hamilton Harris,* representing the superintendent of insurance, for motion.

*A. Schoonmaker, Jr.,* attorney-general, opposed.

*Butler, Stillman & Hubbard,* for defendant, and also opposed.

WESTBROOK, *J.* — This was an action to wind up and distribute the assets of the defendant, The Globe Mutual Life Insurance Company, through a receiver, upon the ground that the company was insolvent.

An order to show cause was granted, returnable at the Albany special term on the 29th day of May, 1879, for the company to show cause why a receiver should not be appointed thereof.

On the return day of such order the attorney-general appeared and made the motion for a receiver. The application was based, not only upon the verified complaint, but also upon a resolution of the board of directors of the defendant asking for such appointment, and a detailed verified report by a committee of such board showing the exact condition of the company, which was that of clear insolvency and a gross mismanagement and abuse of their trust by the officers of the company.

William Allen Butler appeared for the defendant, and united with the attorney-general in the application.

Mr. Hamilton Harris appeared for the superintendent of insurance, and in his behalf stated to the court that, in the opinion of the superintendent, the affairs of the company were in such a condition as to require action by the attorney-general, under section 7 of chapter 902 of the Laws of 1869, and subsequently, but before the appointment of receiver was made, filed with the court a formal report in writing by the superintendent, addressed to it and to the attorney-general, concurring in the need of the appointment of a receiver, and that such appointment was necessary according to the terms of the aforesaid statute.

Mr. Matthew Hale and Mr. Henry E. Knox appeared for sundry policyholders and objected to the appointment of any receiver whatever.

After the argument the judge took the papers, announcing that a decision would be made at an early day.

On Monday, June 2, 1879, at the opening of court, the

determination to appoint a receiver was announced, but the selection of the individual for the position was reserved.

On June 3, 1879, sundry policyholders were again before the court, through Mr. Matthew Hale, who asked for a further postponement of the application, which the attorney-general opposed. The court announced that a final decision would be made the next day.

It might, at this point be mentioned, that very great strife existed as to the person to be appointed receiver. The board of directors of the defendant had recommended Mr. John W. Barrow, its president. In this recommendation the attorney-general and Mr. Butler concurred, but against it, the superintendent of insurance and the policyholders protested most strenuously, and several other names were also presented.

On the following day (June fourth) the conclusion of the court was announced in a short written opinion, to which reference is now made. After a most careful and conscientious consideration, Mr. James D. Fish, an eminent banker, and a most reputable gentleman of the city of New York, was made receiver, for the reasons stated in such opinion, and a decree or order to that effect filed and entered.

On the 10th day of June, 1879, on the stipulation of the attorney-general and Butler, Stillman & Hubbard, as attorneys for defendant, an *ex parte* order was obtained from judge LEARNED, and entered in the Albany county clerk's office, changing the place of trial from the city and county of Albany to the city and county of New York. The stipulation on which this order was made was dated June 9, 1879, and on the same day another stipulation was made by the attorney-general, and said Butler, Stillman & Hubbard, authorizing the vacation of the order appointing a receiver, on which last-mentioned stipulation and the order changing place of trial, a day or two thereafter an order was obtained *ex parte* from the supreme court at special term, held in the city of New York, vacating the order appointing the receiver entered

in Albany, which the judge, on his own motion, immediately, on learning the facts, revoked.

On the day of the entry of the order granted *ex parte* by judge LEARNED, and within an hour or two thereafter, this court, at special term, judge WESTBROOK presiding, made an order, at the instance of the superintendent of insurance, staying the execution of the order changing the place of trial until the motion, of which notice was to be given to the attorney-general and the attorneys for the defendant, to set aside the last-mentioned order could be heard  The stay and the papers on which it was granted, and the notice of motion, were, on the same day (June tenth), served on the attorney-general, so that when the motion was made in the city of New York it was so made contrary to the order of this court, though it is due to Mr. Butler, the counsel who made it, to state that he claims that he was uninformed of the service of such stay.

The hearing of the motion was several times postponed, and was heard at Kingston on the 12th day of July, 1879. In the decision thereof, no very formal and elaborate discussion will be attempted, for it is most apparent that the order changing the place of trial cannot be sustained.

First. The superintendent of insurance has such an interest that he may make this motion.  He was heard upon the original application for a receiver, and the law so closely identifies him, not only with such appointment, but with the execution of the receiver's trust, that the court should give him such a standing as will enable him to invoke its power and its aid (*See chapter* 902 *of Laws of* 1869 ; *Lowber* agt. *Mayor of N. Y.*, 26 *Barb.*, 262 ; *Gould* agt. *Mortimer*, 26 *Howard*, 167, 169.)

Second. The court has power to act of its own motion to protect itself ; and, though the superintendent is no party to the record, either he or any person may call the attention of the court to an act done, which requires its attention ; and in this matter the court hears the superintendent, not only

because he has the right to be heard, but as a person making a suggestion to the court for its own protection, upon which, for its own dignity, it acts.

Third. The stipulation to change the place of trial, and that to vacate the order appointing the receiver, bearing date the same day (June 9, 1879), and the order changing the place of trial obtained *ex parte* and entered in Albany, followed by that obtained *ex parte* in New York and then entered, show that the order, to vacate which this application is made, was a part of a scheme and plan entered into between the attorneys to nullify and undo the action of the court in the selection of a receiver. Such practice, to use no severer language cannot be tolerated, even if no statute forbade it. The right to name the receiver belonged to the court, and if the order changing the place of trial can stand, then the parties can go from term to term, by same process, until they can find a judge subservient to their wishes. The statement of the proposition is enough.

Fourth. When the court has appointed a receiver for an insolvent corporation or firm, such appointment is beyond the control of the parties to the action (*Holmes* agt. *McDowell*, 15 *Hun*, 585, 589). They cannot stipulate away the order appointing the receiver, and the court, having accepted the trust for the benefit of creditors must act. This doctrine, distinctly held in the case cited which was affirmed in the court of appeals, is especially applicable to the case before us. The authority of the court to act, and the mode of its action, after the appointment of a receiver, are pointed out by statute (*Chapter* 902 *of the Laws of* 1869). *In the Matter of the Attorney-General* agt. *The Atlantic Mutual Life Insurance Company* (56 *Howard*, 391), the judge writing this opinion, held that the steps to be taken are declared by statute, and the court has no power to restore the company except for special reasons. This opinion was sustained in the court of appeals, and it is not seen on what principle, on the mere stipulation of the attorney-general, and of the attorneys for an

The People agt. The Globe Mutual Life Insurance Co.

insolvent corporation the latter can be restored to life, and the action of the court and the law alike thwarted.

If it be said that it was intended to review the application elsewhere and not restore the company to life, then the order is liable to the objection stated in point three, and also to that hereinafter given in point six. If it is claimed that the company was solvent and the order appointing the receiver a mistake, then that should have been made to appear to the court by proof, and the court would have acted upon its own judgment. The attorneys, in the face of their prior actions and statements to the court, in face of the report of the committee of the board of directors of the company, in face of the report of the superintendent of insurance, and in face of the judgment of the court thereon, could not stipulate to undo a formal and solemn order, and thus nullify a statute which must guide and control all action.

Fifth. There is no such thing as a receiver, *pendente lite*, for a life insurance company. The proceedings must be under the statute (*Fisher* agt. *World Ins. Compang*, 47 *Howard*, 451; *Attorney General* agt. *Continental Life Insurance Company*, 53 *id.*, 16). The decree entered, when the attempt to change the place of trial was made, and the amended decree now entered, *which was settled in accordance with the wishes of both the attorney-general and the counsel for the defendant*, show that no receiver, *pendente lite*, was asked for, but one under and in pursuance of chapter 902 of the Laws of 1869, under which act the defendant was organized. The order entered as it originally was and as it now is, is a final order or judgment. There may be orders hereinafter regulating the mode of the distribution of assets, settling claims, directing payments, &c., but the order appointing the receiver is *the* judgment declaring what must be done, and the remainder are proceedings at the foot of the decree or after judgment; and after the entry of such first order the place of trial could not be changed. No issue remained to be disposed of, and no provision of the Code authorizing it can be found. The

order changing a place of trial contemplates an *actual trial* of the action, and if none is to be had the statutes are inapplicable (*Miller* agt. *Orange County Insurance Company, general term case in fourth department, but unreported*).

Sixth. The Code (*section* 777) expressly provides : " Where an application is made to the court for judgment, it cannot be withdrawn without the express permission of the court ; and a subsequent application for judgment shall not be made at a term held by another judge, except where the first application is so withdrawn, or where the directions given thereupon require an act to be done before judgment can be rendered, or where the fact in the .former application is stated, and the proceedings thereupon, and subsequent thereto, are fully set forth in the papers upon which the application is made."

Very clearly, if the parties intended to enter a new judgment, as it must, from the proceedings in New York, be inferred they did intend, the order changing the place of trial was a step towards doing what the section of the Code expressly forbids. It was nothing more or less than an attempt, by stipulation, to withdraw from one judge an application for judgment already passed upon, for the purpose of applying elsewhere. As already shown under a previous (the third) point, it was an unprofessional and improper thing to do, and could not be upheld for that reason, but this section of the Code has expressed in statute form its condemnation of the practice at which this motion is aimed. Without the permission of the court, and without any statement of the history of the proceedings, on simple stipulation, it was proposed to nullify the action of one judge and obtain a judgment from another which they failed to obtain from the former. If this practice can be upheld, plain words are meaningless.

The motion to set aside the order changing the place of trial must be granted.